﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200107-52373
DATE: November 30, 2020

ORDER

Entitlement to service connection for obstructive sleep apnea (OSA) is granted.

FINDING OF FACT

The Veteran’s OSA is proximately due to his service-connected major depressive disorder. 

CONCLUSION OF LAW

The criteria for service connection for OSA as secondary to the Veteran’s service-connected major depressive disorder are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.310. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the Marines from January 2006 to January 2010. This case comes before the Board of Veterans’ Appeals (Board) on an appeal from a December 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office. 

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred or aggravated by service. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists, and (2) that the current disability was either (a) proximately caused by or (b) aggravated by a service-connected disease or injury. 38 C.F.R. § 3.310.

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

Entitlement to service connection for obstructive sleep apnea

The Veteran contends he is entitled to service connection for his obstructive sleep apnea. He claims that his exposure to mefloquine during service caused his OSA. It was also raised by the record that the Veteran’s obesity, related to his service-connected major depressive disorder, caused his OSA. The AOJ has entered favorable findings that the Veteran has a diagnosis of OSA, that he used mefloquine during service, and awarded service connection for major depressive disorder. The remaining question is whether the OSA is at least as likely as not related to the mefloquine use or to the service-connected major depressive disorder.

In November 2019, a report of independent medical opinion by Dr. R.N. was associated with the record. In this opinion, Dr. R.N. opines that the Veteran’s OSA was at least as likely as not caused by his exposure to mefloquine. He furthers his argument by stating that the Veteran’s significant weight gain, which he concludes is caused, and therefore, secondary to his anxiety and depressive symptoms stemming from the usage of mefloquine, contributed to the development and worsening of his sleep apnea. He states that the Veteran’s OSA was at least as likely as not further aggravated as a result of weight gain. The doctor believes the Veteran’s sleep apnea likely began long before his February 2019 diagnosis, due to his mefloquine exposure, and that his weight gain played a significant role in the development.

In the Veteran’s December 2019 VA examination, the examiner concluded that the Veteran’s OSA was not due to exposure to mefloquine. He stated that the Veteran’s type of sleep apnea is not related to the effects of mefloquine. While the Veteran’s sleep apnea is obstructive implying a mechanical obstruction, the type likely to be caused by mefloquine would be central sleep apnea. Central sleep apnea is where there is a disruption of the signals from the brain controlling breathing, not a mechanical obstruction. However, the examiner finishes his opinion and rationale finding that the Veteran’s OSA is more readily explained by his obesity, as the Veteran had a body mass index of 38.1 at the time of the sleep study.

The VA General Counsel states in an opinion that obesity is not a disease for service connection purposes. VAOPGCPREC 1-2017 (Jan 6, 2017). Nonetheless, obesity may be an intermittent step between a service-connected disability and a current disability that may be service connected on a secondary basis. To grant service connection, the adjudicators would have to resolve the following issues: (1) whether a service-connected disability caused a veteran to become obese; (2) if so, whether the obesity as a result of the service-connected disability was a substantial factor in causing the current disability for which a veteran is seeking service connection; and (3) whether the current disability for which a veteran is seeking service connection would not have occurred but for the obesity caused by the service-connected disability. Id. at 9-10. The Office of General Counsel (OGC) defined substantial factor as when there are multiple causes of a harm, an action is considered to be a proximate cause of the harm if it is a substantial factor in bringing about the harm. See VAOPGCPREC 1-2017.

Dr. R.N.’s opinion establishes that the Veteran’s obesity was caused by his service-connected major depressive disorder, and both medical opinions conclude that the Veteran’s obesity caused or is a substantial factor in causing his OSA, with the VA examination ruling out exposure to mefloquine as a factor. The record does not establish a cause for OSA other than via obesity. Resolving reasonable doubt in the Veteran’s favor, the Board finds that, but for the weight gain due to his service-connected major depressive disorder, the Veteran would not have developed OSA. Thus, the Board finds that the elements to establish obesity as an intermittent step between the Veteran’s service-connected major depressive disorder and his OSA are met.

The Board finds the two medical opinions to be adequate and probative. Accordingly, the Board finds that the Veteran’s OSA is secondarily related to his service-connected major depressive disorder; therefore, service connection for the Veteran’s OSA is warranted. 38 U.S.C. § 1110; 38 C.F.R. § 3.310. 

 

J. B. FREEMAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Doerfler, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.